1 | Rachael Lavi, Bar No. 294443
rlavi@littler.com
2 | LITTLER MENDELSON, P.C.
2049 Century Park East
3 | 5th Floor
Los Angeles, California 90067-3107
4 | Telephone:   (310) 553-0308
Fax No.:      (310) 553-5583
5 |
6 | Adam J. Fiss, Bar No. 211799
afiss@littler.com
Nicholas Lansdown, Bar No. 312915
7 | nlansdown@littler.com
LITTLER MENDELSON, P.C.
8 | 50 West San Fernando St.
7th Floor
9 | San Jose, California 95113-2434
Telephone:   (408) 998-4150
10 | Fax No.:      (408) 273-6694

11 | Attorneys for Defendant
VANDERLANDE INDUSTRIES, INC. A
12 | DELAWARE CORPORATION

13 |

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16 |

17 | NELDA SANCHEZ, an individual and on behalf of all others similarly situated,

Case No.

18 | Plaintiff,

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL**

19 | v.

**[28 U.S.C. §§ 1332, 1441, 1446]**

20 | VANDERLANDE INDUSTRIES, INC., a
Delaware Corporation; KURT
21 | HATTERLE, an individual; and DOES 1
through 100, inclusive,

Complaint Filed August 16, 2022 (Los Angeles County Superior Court, Case No. 22STCV26545

22 |
23 | Defendants.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2 **CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER**

3 **ATTORNEYS OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendant VANDERLANDE INDUSTRIES,

5 INC. ("Defendant") hereby removes the above-entitled action from the Superior Court

6 of the State of California for the County of Los Angeles, to this Court, the United States

7 District Court, Central District of California, pursuant to 28 U.S.C. sections 1332(d)

8 (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds[1]:

9 **I.    JURISDICTION AND VENUE ARE PROPER**

10     1.    This Court has original jurisdiction over this action pursuant to the Class

11 Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts

12 with original jurisdiction of any civil action: (a) that is a class action with a putative

13 class of more than a hundred members; (b) in which any member of a class of plaintiffs

14 is a citizen of a state different from any defendant; and (c) in which the matter in

15 controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See*

16 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with

17 United States Code, title 28, section 1446. As set forth below,

18 this case meets all of CAFA's requirements for removal and is timely and properly

19 removed by the filing of this Notice.

20     2.    This action was filed in the Superior Court for the State of California,

21 County of Los Angeles. Venue properly lies in the United States District Court for the

22 Central District of California, Western Division, pursuant to 28 U.S.C. sections

23 84(c)(2), 1391, 1441, and 1446.

24

25

26

---

27 [1] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee*

28 *Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014), *quoting* 28 U. S. C. §1446(a). "A statement 'short and plain' need not contain evidentiary submissions." *See id.* at 547.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## II.    STATUS OF THE PLEADINGS

3.    On August 16, 2022, Plaintiff Nelda Sanchez ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles entitled *Nelda Sanchez v. Vanderlande Industries Inc.; Kurt Hatterle; and Does 1 to 100*, designated as Case No. 22STCV26545 ("Complaint"). The Complaint alleges thirteen causes of action: (1) Failure to Pay Overtime Wages, (2) Failure to Pay Minimum Wages, (3) Failure to Provide Meal Periods, (4) Failure to Provide Rest Periods, (5) Waiting Time Penalties, (6) Wage Statement Violations, (7) Failure to Indemnify, (8) Failure to Timely Pay Wages, (9) Violation of Labor Code § 227.3, (10) Violation of the Fair Credit Reporting Act, (11) Violation of the California Investigative Consumer Reporting Agencies Act, (12) Violation of the Consumer Credit Reporting Agencies Act, and (13) Unfair Competition. A true and correct copy of the Complaint is attached to the Declaration of Rachael Lavi ("Lavi Decl.") as Exhibit A, pursuant to 28 U.S.C. §1446(a).

4.    On August 29, 2022, Plaintiff served on Defendant her Complaint, along with copies of the Proof of Service, Summons, Notice of Case Assignment, First Amended General Order, Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, Alternative Dispute Resolution (ADR) Information Package, Voluntary Efficient Litigation Stipulations, and Civil Case Cover Sheet and Addendum. Lavi Decl., Exh. A.

5.    On September 28, 2022, contemporaneous to this removal, Defendant filed an Answer to Plaintiff's state court complaint and Defendant's peremptory challenge to the judicial officer assigned to the case for all purposes. Lavi Decl., Exh. B.

6.    To Defendant's knowledge, the documents attached to the Declaration of Rachael Lavi as Exhibits A-B constitutes all process, pleadings, and orders served upon Defendant or filed in the State Court action by Defendant. Lavi Decl., ¶ 4. The attachments thereby satisfy the requirements outlined in 28 U.S.C. § 1446(a).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3

NOTICE OF REMOVAL

## III.   STATUS OF THE PLEADINGS

7.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

8.      Plaintiff effectuated service of process upon Defendant on August 29, 2022. Declaration of Claressa McDowell ("McDowell Decl."), ¶ 2. The thirtieth day from the date of service of process is September 28, 2022. As this Notice of Removal has been filed in prior to September 28, 2022, removal is timely. 28 U.S.C. § 1446(b).[2]

## IV.   CAFA JURISDICTION

9.      CAFA provides United States district courts with original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is at least 100 individuals; (c) in which any named plaintiff is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). Where an action has been initiated in state court, CAFA authorizes removal of such action in accordance with 28 U.S.C. § 1446. As set forth below, this action meets all the requirements necessary for CAFA removal and Defendant has timely and properly removed by this action by filing this Notice of Removal.

### A.      Plaintiff Filed a Class Action Under State Law

10.      Plaintiff filed her action as a class action based on alleged violations of California state law. (Complaint, ¶ 1.)

---

[2] Regardless, arguably, the 30-day deadline under 28 U.S.C. §1146(b)(1) does not apply to removals under CAFA. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 123, 125-126 (9th Cir. 2013).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

NOTICE OF REMOVAL

**B.     The Proposed Class Contains At Least 100 Members**

11.     Title 28 U.S.C. § 1332(d)(5)(B) provides that CAFA provisions do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

12.     Here, Plaintiff filed this action on behalf of herself as well as Defendant's current and former California non-exempt employees who were employed by it from August 16, 2018 through present. (Complaint, ¶ 30.)

13.     Based on Defendant's records, Defendant has employed approximately 375 California non-exempt employees from August 16, 2018 through present. As such, Defendant's internal records demonstrate that there are well over 100 putative class members in this action. Thus, Defendant has reasonable grounds to show that CAFA's class size requirement has been met.

**C.     Defendant Is Not a Governmental Entity**

14.     CAFA does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

15.     Here, Defendant is a corporation and is not a state, state official, or any other governmental entity that may be exempt from CAFA. Thus, Defendant has reasonable grounds to show that CAFA's entity requirement has been met.

**D.     Defendant and Plaintiff are Diverse Parties**

16.     "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

17.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). While CAFA only requires minimal diversity, in class actions, it is the named parties' citizenship that is considered for diversity purposes, not the putative class members' citizenship. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Further, at the removal stage, diversity of the parties must exist when the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5

NOTICE OF REMOVAL

1  action was commenced in state court *and* at the time of removal. *See Strotek Corp. v.*

2  *Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002).

3  ### 1.   Plaintiff is a Citizen and Resident of North Carolina

4  18.   To establish diversity, a person is considered a "citizen" of the state in

5  which he/she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

6  2001) (confirming that person's domicile is the place he/she resides with the intention

7  to remain). When a party makes an allegation of residency in a state court complaint, it

8  is sufficient to create a rebuttable presumption of domicile in support of diversity of

9  citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut.*

10  *Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state

11  court complaint of residency "created a presumption of continuing residence in [state]

12  and put the burden of coming forward with contrary evidence on the party seeking to

13  prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL

14  744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima

15  facie' case of domicile").

16  19.   Plaintiff's Complaint, in no uncertain terms, states "Plaintiff [] is a resident

17  of the State of North Carolina." (Complaint, ¶ 2.) Therefore, by Plaintiff's own

18  admission, Defendant has met its burden to establish that Plaintiff is a resident and

19  citizen of North Carolina. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at

20  *7.

21  ### 2.   Defendant is a Citizen of Delaware and Georgia

22  20.   "[A] corporation shall be deemed to be a citizen of every State [] by which

23  it has been incorporated and of the State [] where it has its principal place of business."

24  28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business,

25  courts apply the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

26  The nerve center test looks to "where the corporation maintains its headquarters," which

27  is commonly where it's officers "direct, control, and coordinate the corporation's

28  activities." *Id.* at 80-81, 92-93.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

NOTICE OF REMOVAL

21.     Here, Defendant is a corporation incorporated under the laws of the State of Delaware, and is therefore, a resident of Delaware. McDowell Decl., ¶ 3.

22.     Defendant's headquarters, including its executive and administrative offices, are all located in Marietta, Georgia. McDowell Decl., ¶ 4. Defendant performs the majority of its executive and administrative functions from its headquarters in Marietta, Georgia. McDowell Decl., ¶ 4. Under the nerve center test, Defendant's principal place of business would be located in Marietta, Georgia, as that is where Defendant's officers direct, control, and coordinate its business activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Thus, Defendant is also a resident of Georgia.

23.     The presence of Doe defendants have no bearing on diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

24.     Accordingly, for the reasons outlined herein, Plaintiff is a citizen of a state (North Carolina) different from Defendant (Delaware/Georgia). Therefore, Defendant has reasonable grounds to show that CAFA's diversity requirement has been met. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount In Controversy Exceeds $5,000,000[3]**

25.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned herein, the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

26.     Defendants seeking to remove to federal court under the removal statute must file a removal notice "containing a short and plain statement of the grounds for

---

[3] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

NOTICE OF REMOVAL

removal." 28 U.S.C. § 1446(a). As the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens* recognized, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a). Thereafter, a defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation would be accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

27.    Defendant categorically denies that Plaintiff's allegations have any factual or legal basis and denies that any relief, monetary and otherwise, is owed to Plaintiff or any of the putative class members. However, as it relates to removal purposes only, and without conceding in any way, whatsoever, that Plaintiff or the putative class are entitled to any damages or penalties, Defendant calculates the putative class member's alleged claims to be well in excess of the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

28.    When determining whether a defendant has satisfied the amount in controversy requirement, Courts must presume that plaintiff will prevail on his/her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). Stated differently, the ultimate inquiry is not what a defendant might owe; rather, the court must consider what amount is put "in controversy" by a plaintiff's complaint. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8

NOTICE OF REMOVAL

1   defendants are still free to challenge the actual amount of damages at trial because they

2   are only estimating the amount in controversy at the removal stage).

3       29.    Here, while Plaintiff did not allege an amount in controversy in her

4   Complaint, she has alleged that Defendant's "practices and policies" purportedly

5   deprived class members of wages. Complaint, ¶¶ 22, 38, 73, 80. Plaintiff further alleged

6   that Defendant engaged in "unlawful practices and policies against its employees."

7   Complaint, ¶¶ 46, 135.

8       30.    As discussed above, Plaintiff filed her Complaint on August 16, 2022, and

9   she has made allegations relating to Defendant's failure to pay minimum wages and

10  overtime, failure to provide meal and rest periods, waiting time penalties, wage

11  statement violations, failure to indemnify for necessary business expenditures, failure

12  to timely pay wages, and claims under the Unfair Competition Law ("UCL"), among

13  other claims for violations of the Fair Credit Reporting Act, California Investigative

14  Reporting Agencies Act, and Consumer Credit Reporting Agencies Act. Complaint, ¶¶

15  40-138.

16          **1.    Amount in Controversy—Plaintiff's Meal Break Claim**

17      31.    Plaintiff, in her Third Cause of Action, has alleged that Defendant failed

18  to provide her and other similarly situated employees with code-compliant meal

19  periods, which included her and other similarly situated employees being required to

20  work through their meal periods. Complaint, ¶¶ 57. Plaintiff seeks one additional hour

21  of pay at the regular rate of compensation for each workday that a meal period was not

22  provided to her and all other similarly situated employees. Complaint, ¶¶ 57-59.

23      32.    Employees who have not been provided with a code-compliant meal

24  period shall be entitled to an amount equal to one additional hour of pay at the

25  employee's regular rate of compensation for each workday a code-complaint was not

26  provided. Cal. Lab. Code § 226.7. Plaintiff's pursuing a meal period claim must do so

27  with a three-year limitations period. *See* Cal. Civ. Proc. Code § 338(a) (setting out a

28  three-year limitations period).  However, where a plaintiff brings a meal period claim

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9

NOTICE OF REMOVAL

1    coupled with an unfair competition claim, under the Business and Professions code, the

2    limitations period may be enlarged to four years. Cal. Bus. & Prof. Code § 17208

3    (explaining the three-year statute of limitations can be extended to four years through

4    the pleading of a companion claim under the UCL).

5         33.    To establish the amount in controversy for removal, Defendant is neither

6    required to make Plaintiff's case nor is it required to prove the amount in controversy

7    to a certainty. Rather, a Defendant may base its amount in controversy calculations upon

8    "reasonable assumptions" and a "chain of reasoning that includes assumptions" so long

9    as those assumptions are based on reasonable grounds. *Anderson v. Starbucks Corp.*,

10   2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020).

11        34.    Plaintiff has alleged that Defendant employed policies and practices that

12   prevented Plaintiff and similarly situated employees from taking "complete, timely 30-

13   minute, duty-free uninterrupted meal periods every five hours of work…." Complaint,

14   ¶ 57. Given Plaintiff's allegation, and being conservative, Defendant will make its

15   amount in controversy calculations based on three (3) missed meal periods per

16   workweek. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)

17   (when a defendant's calculations are "relatively conservative, made in good faith, and

18   based on evidence whenever possible," the court should find that the "[d]efendant has

19   established by a preponderance of the evidence that the amount in controversy exceeds

20   $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5

21   (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period

22   violations was reasonable despite allegations that employees only "sometimes" were

23   denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB,

24   2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity

25   grounds, accepting defendant's assumption that violation occurred once per day where

26   plaintiff alleged "that he systematically worked for a period of more than five hours in

27   a workday without being provided a mandatory, duty-free lunch").

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10

NOTICE OF REMOVAL

35.     In calculating the number of workweeks for current and former California non-exempt employees who performed work for Defendant in California at any time from August 16, 2018 to present, Defendant first determined the start and termination dates as to each of the putative class member. In doing so, Defendant counted as one workweek any week within the relevant period where an employee's time data showed that he/she performed any work.  Based on Defendant's calculations, a reasonable estimate for the number of workweeks of Defendant's current and former California non-exempt hourly employees, during the relevant period, is approximately 26,325 workweeks. From August 16, 2018, to present, the putative class members' average hourly rate is $26.63.

36.     Defendant, using its conservative estimate of three (3) non-code-compliant meal periods per week calculates the amount in controversy for Plaintiff's meal period claim to be **$2,103,104.25**.[4] *Hull v. Mars Petcare US, Inc.,* No. ED CV-18-1021 PSG (KKx), 2018 WL 3583051, at *4-5 (C.D. Cal. Jul. 25, 2018) (finding reasonable assumption of three missed rest periods and meal periods per week).

**2.     Amount in Controversy—Plaintiff's Rest Break Claim**

37.     Plaintiff, in her Fourth Cause of Action, has alleged that "Defendant employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class." Complaint, ¶ 65. Plaintiff seeks one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided. Complaint, ¶ 67.

38.     Employees who have not been provided with a code-compliant rest period shall be entitled to an amount equal to one additional hour of pay at the employee's regular rate of compensation for each workday a code-complaint was not provided. Cal. Lab. Code § 226.7. Plaintiff's pursuing a rest period claim must do so with a three-year limitations period. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations

---

[4] 26,325 workweeks * 3 * $26.63 = $2,103,104.25

NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   period).  However, where a plaintiff brings a rest period claim coupled with an unfair

2   competition claim, under the Business and Professions code, the limitations period may

3   be enlarged to four years. Cal. Bus. & Prof. Code § 17208 (explaining the three-year

4   statute of limitations can be extended to four years through the pleading of a companion

5   claim under the UCL).

6       39.   Again, Defendant, using its conservative estimate of three (3) non-code-

7   compliant rest periods per week calculates the amount in controversy for Plaintiff's

8   rest period claim to be **$2,103,104.25**.[5] *Hull v. Mars Petcare US, Inc.,* No. ED CV-18-

9   1021 PSG (KKx), 2018 WL 3583051, at *4-5 (finding reasonable assumption of three

10  missed rest periods and meal periods per week).

11      **3.**    **Amount in Controversy – Plaintiff's Waiting Time Penalties**

12      **Claim**

13      40.   Plaintiff, in her Fifth Cause of Action, has alleged that she and other

14  similarly situated current and former employees are entitled to waiting time penalties

15  pursuant to California Labor Code sections 201-203. (Complaint, ¶¶ 69-76.) Plaintiff

16  seeks an amount that is equal former employees' daily wage, up to a maximum of 30

17  days, as waiting time penalties.

18      41.   Pursuant to Labor Code section 203, employees may be eligible to

19  receive waiting time penalties from the date their earned and unpaid wages become

20  upon termination or resignation, until paid, up to a maximum of thirty (30) days.

21  Waiting time penalties are calculated by determining the employee's daily rate

22  multiplied by number of days (30 max) that earned wages were due and outstanding.

23  Cal. Lab. Code 203.

24      42.   The statute of limitations for Plaintiff's Labor Code section 203 waiting

25  time penalty claim is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395

26  (2010) ("no one disputes that when an employee sues to recover both unpaid final wages

27  and the resulting section 203 penalties, the suit is governed by the same three-year

28

---

[5] 26,325 workweeks * 3 * $26.63 = $2,103,104.25

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL

1   limitations period that would apply had the employee sued to recover only the unpaid

2   wages").

3        43.    Again, for removal purposes only, Defendants, based on a review of its

4   records, has identified at least 162 employees who have separated from Defendant's

5   employment since August 16, 2019. The average hourly pay rate of pay for these former

6   employees is $26.97. Therefore, the amount in controversy for Plaintiff's waiting time

7   penalties claim in her Fifth Cause of Action is approximately **$1,048,593.60**.[6]

8        **4.**    **Amount in Controversy – Plaintiff's Claim for Inaccurate Wage**

9             **Statements**

10       44.    Plaintiff, in her Sixth Cause of Action, has alleged that Defendant "failed

11  to comply with Labor Code section 226, subdivision (a) by adopting policies and

12  practices that resulted in their failure, at times, to furnish Plaintiff and Class Members

13  with accurate itemized statements that accurately reflect, among other things, gross

14  wages earned; total hours worked; net wages earned; all applicable hourly rates in effect

15  during the pay period and the corresponding number of hours worked at each hourly

16  rate; and the name and address of the legal entity that is the employer, among other

17  things." Complaint, ¶ 80. Plaintiff contends that Defendant's failure to provide accurate

18  wage statements was intentional and willful. Complaint, ¶ 81.

19       45.    Labor Code section 226(e) provides a statutory penalty for violations of

20  Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per

21  employee for the initial pay period in which a violation occurs, and $100 per employee

22  for each violation in a subsequent pay period, not exceeding an aggregate amount of

23  $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code

24  section 226(e) penalties is one year. Cal. Code. Civ. Proc. § 340.

25       46.    Defendant denies the validity and merit of Plaintiff's wage statement

26  claim.   For purposes of removal only and based on a review of Defendant's records,

27  Defendant has employed at least 217 non-exempt employees since August 16, 2021, for

28

[6] 162 employees * 8 hours * 30 days * $26.97 average rate of pay

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL

a total of 8,019 pay periods. Therefore, the average number of pay periods per employee is more than 36[7] pay periods, and the resulting average penalties per employee are $3,550[8]. Therefore, based on Defendant's conservative assumptions, the total amount in controversy for Plaintiff's inaccurate wage statement claim in her Sixth Cause of Action is **$770,350**.[9]

### 5.    Amount in Controversy – Plaintiff's Claim for Attorneys' Fees

47.    Finally, Plaintiff seeks attorneys' fees and costs in her Complaint. (Complaint, Prayer for Relief ¶¶ Q-R.) Therefore, provided that it is well-settled that claims for statutory attorneys' fees are to be included in determining the amount in controversy, the Court must also consider attorneys' fees as part of the amount in controversy determination. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

48.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting that the settlement allocated $1.6 million to attorneys' fees); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting an award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage

---

[7] 8,019 pay periods/217 employees = 36
[8] ($50 * 1) + ($100 * 35) = $3,550
[9] 217 * $3,550 = $770,350

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

14

method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

49.     In fact, the Ninth Circuit has benchmarked attorneys' fees awards at twenty-five percent (25%). *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012)("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

50.     Therefore, considering the Ninth Circuit has benchmarked attorneys' fees awards at twenty-five percent (25%), any computation of amount in controversy should be further increased by this amount.

### F.     Amount in Controversy – Summary

51.     As outlined herein, Defendant has calculated the amount in controversy as to Plaintiff's allegations, regarding meal and rest breaks, waiting time penalties, and inaccurate wage statements, to be, conservatively, **$6,025,152.10**. This subtotal does not include any of Plaintiff's other claims or the inclusion of any attorneys' fees. Notably, this estimate does not account for the unpaid minimum and overtime wages that Plaintiff contends she and similarly situated current and former California non-exempt employees are owed in her First and Second Causes of Action, the expense reimbursements that Plaintiff claims she and those similarly situated are owed in her Eighth Cause of Action, the penalties that Plaintiff claims she and those similarly situated are owed as a result of Defendant's alleged failure to timely pay wages, and penalties for Defendant's purported violations of the Fair Credit Reporting Act, California Investigative Consumer Reporting Agencies Act, and Consumer Credit Reporting Agencies Act, nor does it include any other damages or restitution that Defendant may be ordered to pay pursuant to Plaintiff's UCL claim (Thirteenth Cause of Action). If Defendant's were to consider the attorneys' fees, at the Ninth Circuit's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15

NOTICE OF REMOVAL

benchmark percentage of 25 percent, it would further increase the amount in controversy by an additional $1,506,288.02 to a total amount in controversy of **$7,531,440.12**.

52.   Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, Defendant has provided reasonable assumptions, based upon reasonable grounds, that show Plaintiff's claims far exceed the $5,000,000 threshold required for removal under CAFA. Therefore, the jurisdictional minimum of $5,000,000 required under CAFA is satisfied.

| Plaintiff's Causes of Actions (**Incomplete List) | Defendant's Conservative Estimate of The Amount in Controversy |
|---|---|
| Meal Break Claim | $2,103,104.25 |
| Rest Break Claim | $2,103,104.25 |
| Waiting Time Penalties in Fourth Cause of Action | $1,048,593.60 |
| Inaccurate Wage Statements | $770,350 |
| Attorneys' Fees | $1,506,288.02 |
| **TOTAL Amount in Controversy** | **$7,531,440.12** |

## V.   NOTICE TO THE COURT AND PARTIES

53.   Contemporaneously with the filing of this notice of removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the notice of removal will be filed with the clerk of the court for the Superior Court of the County of Los Angeles. Lavi Decl., ¶ 5.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL

1        WHEREFORE, Defendant hereby removes this action from the Superior Court

2 of the State of California, County of Los Angeles, to the United States District Court

3 for the Central District of California.

4

5 Dated:       September 28, 2022          LITTLER MENDELSON, P.C.

6

7                     *s/ Nicholas Lansdown*

8                     Rachael Lavi
                     Adam J. Fiss

9                     Nicholas Lansdown

10                     Attorneys for Defendant
                     VANDERLANDE INDUSTRIES, INC. a

11                     Delaware Corporation

12 4869-7663-5701.1 / 105060-1003

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

17

NOTICE OF REMOVAL